UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **UNITED STATES OF AMERICA,**     Plaintiff,     v. **LOUIS KINGSBURY,**     Defendant. |

Criminal Case No. 18-109 (JDB)

**MEMORANDUM OPINION**

In United States v. Johnson, 314 F. Supp. 3d 248 (D.D.C. 2018), this Court rejected a motion for a protective order governing body-worn camera materials that was materially indistinguishable from [14] the government's motion for a protective order governing the body-worn camera footage at issue in this case and substantially similar to [15] the government's motion for a protective order governing certain police personnel data. Largely for the reasons given in Johnson—which are summarized briefly below—the Court will grant the government's motions for protective orders but will enter orders that are consistent with Johnson.

In Johnson, the Court explained that the government had failed to meet its burden of showing good cause for several of the restrictions it sought to place on the defendant's ability to use and disclose body-worn camera footage. See Fed. R. Crim. 16(d). These restrictions included: (1) a provision shifting the burden of redacting sensitive information from the body-worn camera footage from the government to defense counsel, see id. at 252–55; and (2) provisions preventing defense counsel from (a) using the footage in other cases, see id. at 255–56, (b) showing the footage to her colleagues in the Federal Public Defender's office, see id. at 256–57, and (c) retaining the footage following an acquittal or the dismissal of charges against the defendant, see id. at 257. However, the Court found that the government had shown good cause "for prohibiting Johnson

from disclosing the footage to the public at large," and therefore said that it would "direct defense counsel not to disclose even the redacted footage to persons outside the Federal Public Defender's office who are unrelated either to Johnson's case or to some other judicial proceeding in which the Federal Public Defender's Office acts as counsel." Id. at 257.[1]

Following the issuance of its opinion in Johnson, the Court directed the parties in this case to confer and jointly propose protective orders governing the body-worn camera footage and police personnel data at issue here. See July 27, 2018 Order [ECF No. 18]. Counsel were unable to reach an agreement as to either issue, however, so Kingsbury submitted oppositions to both of the government's motions. See Def.'s Opp'n to Proposed Protective Order for Body Worn Camera Materials ("Def.'s BWC Opp'n") [ECF No. 20]; Def.'s Opp'n to Proposed Protective Order for PPMS/CADRPTS Materials ("Def.'s PPMS/CADRPTS Opp'n") [ECF No. 21]. The Court will address each of the government's motions (and Kingsbury's oppositions thereto) in turn.

## I. BODY-WORN CAMERA FOOTAGE

As to body-worn camera footage, Kingsbury's opposition asks to the Court to enter the protective order described in Johnson in all respects but one. Kingsbury argues that unlike in Johnson, where "the government represented that civilians were depicted on the [body-worn camera] videos at issue," here the government represents that "[only] one of the many videos produced to defense counsel depicts a civilian." Id. at 2. Kingsbury therefore asks to Court to impose the Johnson protective order only as to that video and to allow the remaining body-worn camera footage to be disclosed without any use or disclosure limitations. See id.[2]

---

[1] The defendant in Johnson later agreed to enter a guilty plea, so a protective order was ultimately never entered. See Plea Agreement, United States v. Johnson, Crim. Case No. 18-99 (D.D.C. Aug. 29, 2018), ECF No. 26.
[2] Although the government did not file a reply to defendant's opposition, its original motion seeks a protective order governing all body-worn camera footage. See Gov't's Mot. for Protective Order Governing Body Worn Camera Materials ("Gov't's BWC Mot.") [ECF No. 14] at 2.

2

Kingsbury's request for the protective order described in Johnson will be granted, but its request to limit the scope of that order will be denied. Kingsbury is correct that here, unlike in Johnson, the government has not specifically averred that the body-worn camera footage at issue depicts civilian witnesses. But the privacy of civilians was only one of several reasons given in Johnson for prohibiting the distribution of body-worn camera footage to the public at large. See Johnson, 314 F. Supp. 3d at 257. The Court also relied on the government's representations that "as a general matter, body-worn camera footage is likely to contain sensitive information in which witnesses and others depicted on the footage"—who, in all likelihood, would include police officers—"have a legitimate privacy interest." Johnson, 314 F. Supp. 3d at 257; see Gov't's BWC Mot. at 2–4 (repeating those representations here). The need to protect the privacy of noncivilian witnesses (i.e., the police) weighs equally here as it did in Johnson.

Moreover, the Court noted in Johnson that the D.C. Code and the regulations promulgated thereunder by the Metropolitan Police Department ("MPD") embodied a "policy judgment" that body-worn camera materials "tend to contain information that implicates privacy concerns." Johnson, 314 F. Supp. 3d at 257; see D.C. Code § 5-116.32 (directing MPD to promulgate "standards for public access to body-worn camera recordings"); D.C. Mun. Regs. tit. 24, § 3902.5(b)–.6 (providing that body-worn camera footage must be obtained through a request under D.C.'s Freedom of Information Act ("FOIA") before it may be publicly disclosed). Without some particularized showing of necessity, the Court is not inclined to permit Kingsbury to circumvent these provisions, which are specifically designed to protect personal privacy. See, e.g., D.C. Code § 2-534(a)(2) (exempting from disclosure under FOIA "information of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy"); id. § 2-534(a)(2A) (exempting specific types of body-worn camera footage).

In sum, the generalized privacy concerns raised by the government—as well as a respect for the statutory and regulatory processes created by the District—are sufficient to justify what is, at bottom, a relatively modest restriction: a prohibition on using or disclosing that the body-worn camera footage for purposes unrelated to Kingsbury's case (or to any other case in which the Federal Public Defender acts as counsel). The Court will therefore enter the protective order described in Johnson as to all of the body-worn camera footage at issue here.

## II. PPMS/CADRPTS Data

The government also seeks a protective order governing the use and disclosure of certain personnel data regarding the police-officer witnesses in this case: specifically, a list of any internal disciplinary proceeding against those officers that was either (1) sustained by MPD, regardless of when it was opened; or (2) open at any time during the officer's assignment to Kingsbury's case, regardless of whether it was ultimately sustained. See Gov't's Mot. for Protective Order Governing PPMS/CADRPTS Materials ("Gov't's PPMS/CADRPTS Mot.") [ECF No. 15] at 9. The government's proposed protective order would impose many of the restrictions that the Court rejected as to body-worn camera materials in Johnson. See [Proposed] Protective Order Governing Discovery of PPMS/CADRPTS Materials [ECF No. 15-1] ¶¶ 1, 3, 5, 8 (proposing to bar defense counsel from using the data in connection with any other case and from sharing it with her colleagues at the Federal Public Defender's Office, to require defense counsel to redact sensitive information from the data before showing it to Kingsbury, and to require her to destroy the data in the event of an acquittal or dismissal). Although Kingsbury does not object to a protective order being entered as to all PPMS/CADRPTS materials, he proposes a more limited order—essentially, an analogue of the order described in Johnson. See Def.'s PPMS/CADRPTS Opp'n at 2.

The Court will enter Kingsbury's proposed protective order. Nothing in the government's motion points to any meaningful differences (for privacy purposes, at least) between the body-worn camera footage at issue in Johnson and the police personnel data at issue here.[3] To be sure, a police officer has a legitimate privacy interest in "protect[ing] against the dissemination of allegations that are ultimately resolved in the officer's favor" and "ensur[ing] that officer disciplinary matters deemed irrelevant, unreliable, trivial, or otherwise inadmissible [do] not enter the public domain." Gov't's PPMS/CADRPTS Mot. at 4; see Huthnance v. District of Columbia, 255 F.R.D. 285, 297 (D.D.C. 2008) ("[T]he disclosure of information about disciplinary actions taken against [police] officers . . . would invade their privacy and their reasonable expectation that their superiors' view of how they performed their duties would . . . not be publicly disclosed."). But the Court finds that this interest is adequately protected by the prohibitions on disclosure approved in Johnson: that is, except where disclosure "reasonably can be expected to further the investigation of [Kingsbury's] case and the preparation of his defense" or in connection with another case where the Federal Public Defender acts as counsel. Johnson, 314 F. Supp. 3d at 258.[4] Nor will the other restrictions rejected in Johnson be permitted here as to the PPMS/CADRPTS data; hence, defense counsel will not bear the burden of redacting that data, and she will be free to share it with her colleagues in the Federal Public Defender's Office, to use it in other cases where the Federal Public Defender acts as counsel, and to retain it in the event of an acquittal or dismissal.

\* \* \*

---

[3] Nor has the government filed a reply addressing Kingsbury's explicit reliance on Johnson in his opposition.

[4] Accord Huthnance, 255 F.R.D. at 296 (concluding that the District had shown good cause for a protective order governing police personnel data in a civil case in part because, as was true of the body-camera footage in Johnson, "the disclosure of certain [police] personnel information by the District is regulated by . . . statute[]" and "appears to be protected from disclosure under the District of Columbia Freedom of Information Act insofar as it constitutes an unwarranted invasion of the privacy of the police officers").

For the foregoing reasons, the government's motions for protective orders will be granted subject to the modifications described above. Separate protective orders consistent with this opinion have been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: September 4, 2018